MEMORANDUM OF DECISION ON DEFENDANT’S MOTION TO DISMISS

MANFREDI, J.
On June 9, 2004 the Plaintiffs gaming license was suspended and she was barred from the Mohegan Sun Casino and all of its attendant gaming facilities pursuant to Section 5 of the Mohegan Tribe/State of Connecticut and Mohegan Tribal Ordinance 95-2, Section 5(10) and Section 7(b)(ii) of the Mohegan Tribe/State of Connecticut Gaming Compact.
Plaintiff timely appealed this decision to the Director of Regulations, Mohegan Tribal Gaming Commission by letter June *522 18, 2004. A hearing was held on this matter on August 11, 2004 and a Notice of Decision was issued and mailed to the Plaintiff on August 18, 2004 (see Affidavit of Kim Baker, executive secretary to the Director Regulations, dated October 10, 2004).
The Plaintiff filed this appeal on September 10, 2004.

DISCUSSION:

Mohegan Tribal Ordinance 2002-13, Section 3(c) states that an appeal from a final decision of the Office of the Director of Regulation must be filed with the clerk of the Gaming Disputes Court within “twenty days after mailing of the final decision by the agency ...” Based upon the Affidavit of Kim Baker and the file stamp on the appeal itself, it is evident that the Plaintiffs appeal was not filed within the 20 day time period required by the ordinance.
The Plaintiff argues in her brief that the date of the mailing of the notice of decision was unclear, and therefore, the notice should have been considered to have been personally delivered by her on the date of her actual receipt, August 21, 2004. The Court notes that the Defendant has inexplicably omitted the certified mail return receipt card from the record. Nevertheless, this omission does not convert the method of service of the Notice from service by mail to a personal delivery as provided for in MTO 2002-13 Sec. 3(c). It is clear under the circumstances of this case the decision was mailed and not personally delivered to the Plaintiff.
As noted by Judge Guernsey in Ding Ju Hu v. Office of the Director of Regulation, GDTC-AA-04-1 15-PMG, 1-19-2005:
“time limitations: set forth and limited waivers of sovereign immunity are jurisdictional and not waiveable. Long v. Mohegan Tribal Gaming Authority, et al, 1 G.D.R. 5, 8 (1997). The conclusion is therefore inescapable that the Plaintiffs appeal was filed with the clerk of the Gaming Disputes Court well beyond the 20 day period mandated by MTO 2002-13, Section 3(c).”
The circumstances of this ease are virtually identical to Ding Ju Hu and due to the fact of the untimely filing of the appeal, the Motion to Dismiss must be granted.